UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

PATRICIA KENNEDY, Individually,            :
                                           :
            Plaintiffs,                     :
                                           :
v.                                         :    Case No.
                                           :
CHARAF INVESTMENTS OF FLORIDA, INC.  :
and MEYER METZ RESTAURANTS, LLC d/b/a:
DENNY'S #6927                              :
                                           :
            Defendants.                     :
_____/

## COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, PATRICIA KENNEDY, individually, on her behalf and on behalf of all other

individuals similarly situated (sometimes referred to as "Plaintiff"), hereby sues the Defendants,

CHARAF INVESTMENTS OF FLORIDA, INC. and MEYER METZ RESTAURANTS, LLC d/b/a

DENNY'S #6927 (sometimes referred to as "Defendants"), for Injunctive Relief, and attorney's fees,

litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181

et seq. ("ADA").

1.      Plaintiff  is a Florida resident, lives in Broward County, is sui juris, and qualifies as

an individual with disabilities as defined by the ADA.  Plaintiff is unable to engage in the major life

activity of walking more than a few steps without assistive devices. Instead, Plaintiff is bound to

ambulate in a wheelchair or with a cane or other support and has limited use of her hands.

2.      Defendants own, lease, lease to, or operate a place of public accommodation as

defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.  The

place of public accommodation that the Defendants own, operate, lease or lease to is a restuarant known as Denny's #6927, and is located in the County of Volusia.

3.  Venue is properly located in the Middle District of Florida  because venue lies in the judicial district of the property situs.  The Defendants' property is located in and does business within this judicial district.

4.  Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28 U.S.C. § 2201 and § 2202.

5.  As the owner, lessor, lessee, or operator of the subject premises, each Defendant is required to comply  with the ADA.  To the extent the property, or portions thereof, existed prior to January 26, 1993 ("pre-existing facility"),  the owner, lessor, lessee, or operator  has been under a continuing obligation to remove architectural barriers at that property whose removal was readily achievable, as required by 42 U.S.C. Section 12182.  To the extent that the property, or portions thereof, were constructed prior to January 26, 1993 ("newly constructed facility"), the owner, lessor, lessee, or operator was under an obligation to design and construct such facilities such that they are readily accessible to and usable by individuals with disabilities, as required by 42 U.S.C. Section 12183.  To the extent that the facility, or portions thereof, were altered in a manner that affects or could affect its usability ("altered facility"), the owner, lessor, lessee, or operator  was under an obligation to make such alterations in such a manner that, to the maximum extent feasible, the altered portions are readily accessible to and usable by persons with disabilities.

6.  Pursuant to 28 C.F.R. part 36.404, all newly constructed facilities were required to comply with the Standards For New Construction And Alterations, set forth in Appendix A to 28

C.F.R. part 36 ("ADAAG"). Pursuant to 28 C .F.R. part 36.404, all altered facilities were required to comply with the ADAAG to the maximum extent feasible. Pursuant to 28 C.F.R. part 36.304, all measures taken to comply with barrier removal requirements of 42 U.S.C. Section 12182 must also comply with the ADAAG to the maximum extent feasible. Failure to comply with these requirements constitutes a violation of the ADA.

7. A preliminary inspection of the Denny's restaurant located at 1830 State Road 44, New Smyrna Beach, Florida has shown that violations exist. These violations include, but are not limited to: Disabled parking spaces are non-compliant due to slope issues and/or lack of striped access aisles adjacent to the disabled parking spaces; non-compliant accessible routes from the disabled parking spaces to the restaurant's entrance; no accessible route connecting the plaza with the public sidewalk; public restrooms with non-accessible or non-compliant doors, hardware, toilets, sinks, or grab bars.

8. Plaintiff has visited the property which forms the basis of this lawsuit and plans to return to the property to avail herself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA compliant. The Plaintiff has encountered, observed or knew about barriers at the subject property which discriminate against her on the basis of her disability.

9. In the alternative, Plaintiff is an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting her civil rights and monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.

10. The violations present at Defendant's facility, create a hazard to Plaintiff's safety.

11. Plaintiff is continuously aware of the violations at Defendants' facility and is aware that it would be a futile gesture to return to the property as long as those violations exist unless she is willing to suffer additional discrimination.

12. The violations present at Defendants' facility infringe Plaintiff's right to travel free of discrimination. Plaintiff has suffered, and continues to suffer, frustration and humiliation as the result of the discriminatory conditions present at Defendants' facility. By continuing to operate a place of public accommodation with discriminatory conditions, Defendants contribute to Plaintiff's sense of isolation and segregation and deprives Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the discriminatory conditions at Defendants' facility, and knowing that it would be a futile gesture to return unless she is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting the same accommodations readily available to the general public and is deterred and discouraged from additional travel. By maintaining a public accommodation with violations, Defendants deprive Plaintiff the equality of opportunity offered to the general public.

13. Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendants' discrimination until the Defendants are compelled to comply with the requirements of the ADA.

14. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 7 of this Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA

by the Defendants.  Plaintiff desires to visit the Denny's restaurant located at 1830 State Road 44, New Smyrna Beach, Florida not only to avail herself of the goods and services available at the property, but to assure herself that this property is in compliance with the ADA  so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

15.    The Defendants have discriminated against the Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject property, as prohibited by 42 U.S.C. § 12182 et seq.

16.    The discriminatory violations described in paragraph 7 are not an exclusive list of the Defendants' ADA  violations.  Plaintiff requires the inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA  violations, as set forth above.  The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.   In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

17.    Defendants have discriminated against the Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of

its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 <u>et seq</u>. and 28 CFR 36.302 <u>et seq</u>. Furthermore, the Defendants continue to discriminate against the Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

18.     Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

19.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendants to alter the restaurant located at 1830 State Road 44, New Smyrna Beach, Florida to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendants cure their violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a.     That the Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.;

b.     That the Court grant injunctive relief against the Defendants, including an order to make all readily achievable alterations to the facility; or to make such facility readily

accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services;

      c.      That the Court enter an award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and

      d.      For any such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully Submitted,

Attorneys for Plaintiff

Kathy L. Houston, Esq.,
THE HOUSTON LAW FIRM, P.L.
15321 S. Dixie Hwy., Suite 205
Miami, FL  33157
Phone:  (305) 420-6609
Fax:  (786) 441-4416
Email:  khouston@houstonlawfl.com

   /s/ Kathy L. Houston
Kathy L. Houston, Esq.
FBN:  56042